

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**BASIL C. OGBU,**
Plaintiff,

Case No. 2:25-cv-12105

**HONORABLE STEPHEN J. MURPHY, III**

v.

**UNITED STATES DEPARTMENT OF JUSTICE,
CIVIL RIGHTS DIVISION, et al**
Defendants.

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE FINAL JUDGMENT
UNDER E.D. MICH. L.R. 7.1(h) AND RULE 59(e)**

Plaintiff **Basil C. Ogbu,** pro se, respectfully moves this Court for **Reconsideration** of its **November 24, 2025 Judgment** (ECF No. 17), which dismissed all claims.

Reconsideration is warranted because the Court committed **clear factual and legal errors**, and correction is necessary to prevent **manifest injustice**.

E.D. Mich. L.R. 7.1(h)(2); Fed. R. Civ. P. 59(e); RMI Titanium Co. v. Westinghouse Elec. Corp., 78 F.3d 1125, 1132 (6th Cir. 1996).

A supporting brief is included below.

**BRIEF IN SUPPORT**

Page 1 of 6

# I. STANDARD OF REVIEW

Reconsideration is appropriate where:

1. The Court made a **mistake of fact or law**,

2. There is a **palpable defect**, and

3. Correcting the defect will change the outcome.

E.D. Mich. L.R. 7.1(h)(2).

A "palpable defect" is **obvious, clear, and outcome-determinative**.

RMI Titanium, 78 F.3d at 1132.

Reconsideration is also appropriate to prevent **manifest injustice**.

# II. GROUNDS FOR RECONSIDERATION

## 1. CLEAR FACTUAL ERROR: THE COURT MISSTATED PLAINTIFF'S ALLEGATIONS

At PageID.202, the Court stated:

"Plaintiff alleged Defendants illegally surveilled him, poisoned him, and sprayed chemical gas in his vehicle."

This is **factually incorrect**. The Complaint states: "…unknown **substances** sprayed in his car and home…"

Plaintiff **never alleged "chemical gas."**

The Court's substitution of the words "chemical gas" materially altered the plausibility analysis by creating the appearance of implausible or delusional allegations under Denton v. Hernandez, 504 U.S. 25 (1992).

- **The court may not dismiss a complaint based on facts the plaintiff did not allege.** Denton v. Hernandez, 504 U.S. 25 (1992). **Additionally, under** Ashcroft v. Igbal, 556 U.S. 662,678 (2009), **the Court must accept Plaintiff's factual allegations as true and determine only whether they state a plausible claim for relief.**

This is **palpable defect** because correcting the Court's factual error materially changes the plausibility analysis under Rule 12(b)(6)

### 2. Another factual error.

"In the Background section (ECF No. 17, PageID. 195-196), the court stated that plaintiff went to the hospital in 2019 'with wrist pain.' Plaintiff never alleged wrist pain. The complaint clearly states that Plaintiff went to the hospital with waist pain. This inaccuracy further demonstrates that the court did not accurately review the Plaintiff's allegations before dismissing the case. Correcting such factual errors is necessary under E.D. Mich. L.R. 7.1 (h)(2) as these misstatements contributed to the Court's erroneous characterization of Plaintiff's claim as implausible."

### 3. CLEAR LEGAL ERROR: MISAPPLICATION OF DELUSIONAL/FANTASTIC STANDARD

The Court concluded that Plaintiffs allegations were "fanciful," "irrational," and "wholly incredible." (EFC No. 17, PageID.200-202).

But Denton only allows rejection of allegations that describe **impossible phenomena** not allegations of:   misapplied Denton v. Hernandez. Plaintiff's allegations are possible and supported by facts.

- Chemical contamination,
- Covert surveillance,
- Unknown substances,
- Property tampering

These allegations are **not impossible**, and plaintiff supported them with:

- Hospital lab results showing **ethylene glycol** in his bloodstream (PageID.2).
- Multiple dates, plate numbers, time, and locations of surveillance incidents in FOIA submissions.

The Court misapplied Denton and ignored the explicit rule that **plausibility does not mean probability.** Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007).

### 4. FAILURE TO APPLY PRO SE STANDARD

Although the Court quoted Estelle v. Gamble, it did **not apply it.**

Under Estelle:

- Pro se pleadings must be read **liberally,**
- And dismissed only if **it appears beyond doubt that no set of facts could entitle the plaintiff to relief.**

The Court instead:

- Strictly construed Plaintiff's allegations,
- Interpreted them in the light least favorable to the plaintiff,
- Rewrote the allegations ("chemical gas"),
- And dismissed without allowing factual development.

This contradicts the Supreme Court and Sixth Circuit precedent.

## 5. WRONGFUL DISMISSAL OF UNKNOWN DEFENDANTS BEFORE DISCOVERY

Sixth Circuit precedent allows suing unknown defendants and identifying them in discovery. *Petty v. County of Franklin*, 478 F.3d 341, 345 (6th Cir. 2007). *Brown v. Owens Corning*, 622 F.3d 564, 571(6th Cir. 2010).

- ✓ **Dismissing Doe defendants before discovery is reversible error.**
- ✓ **E.D. Michigan has recognizes this principle in circumstances similar to Plaintiff's.** See *Bowles v. Sabree*, No. 20-cv-12838, 2022 WL 141666, at *3 (E.D. Mich. Jan 14, 2022). (holding plaintiff can proceed even when identities of actors are not yet known).

Dismissal before such an opportunity is a **palpable defect** requiring reconsideration.

## 6. MISAPPLICATION OF 12(b)(1) AND 12(b)(6)

The Court blended Rule 12(b)(1) and 12(b)(6), dismissing factual allegation as "implausible" while simultaneously citing lack of jurisdiction.

But:

- ✓ **Allegations that seem "implausible" are not jurisdictional defects.**
  See *Steel Co. v. Citizens*, 523 U.S. 83 (1998).

- ✓ **Plaintiff alleged federal constitutional violations.**

  Thus the Court has federal jurisdiction under 28 U.S.C. 1331

- ✓ **Rule 12(h)(3) does NOT allow dismissal where jurisdiction exists.**

Plaintiff's case unquestionably falls within jurisdiction.

This legal error independently requires reconsideration.

## III. RECONSIDERATION IS NECESSARY TO PREVENT MANIFEST INJUSTICE

Absent reconsideration:

- Plaintiff will lose the ability to identify responsible federal actors.
- Claims will be dismissed based on **incorrect facts** ("chemical gas").
- Legitimate constitutional claims will be barred without discovery.
- The judgment will rest on legal errors that contradict Sixth Circuit precedent.

## IV. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

1. Grant reconsideration of the November 24, 2025 Judgment

2. Correction the factual errors regarding "chemical gas" and "wrist pain"

3. Reinstatement Plaintiff's constitutional claims against Unknown Defendants.

4. Permit limited discovery (90 days) to identify these individuals.

5. Reinstate the injunctive-relief claims dismissed due to factual error.

Alternatively:

6. Grant leave to amend the complaint

Respectfully submitted,

*/s/ Basil C. Ogbu/*

**Basil C. Ogbu, Plaintiff Pro Se**

13101 Broadstreet Avenue

Detroit, MI 48238

Date: 12/08/2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BASIL C. OGBU,
Plaintiff,

Case No. 2:25-cv-12105
Hon. Stephen J. Murphy,

v.

UNITED STATES DEPARTMENT OF JUSTICE,
CIVIL RIGHTS DIVISION, et al
Defendants.

## PROPOSED ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION

Upon consideration of Plaintiff's Motion for Reconsideration of the Court's November 24, 2025 Judgment, and the Court being fully advised in the premises;

IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration is GRANTED.

The Court finds that reconsideration is appropriate under E.D. Mich. L.R. 7.1(h)(2) and Rule 59(e) because the prior judgment contains palpable defects, including:

    1. A material factual error misstating Plaintiff's allegations as involving "chemical gas," rather than "chemical substances," which affected the Court's plausibility analysis;

    2. Legal errors in applying the "fanciful or delusional" standard under Denton v. Hernandez;

    3. Failure to apply the liberal pleading standard required for pro se litigants under Estelle v. Gamble;

Page 1 of 2

4. Premature dismissal of claims against Unknown Agents and Contractors before permitting discovery to identify those defendants, contrary to Sixth Circuit precedent; and

5. Incorrect application of Rule 12(b)(1) jurisdictional standards to Rule 12(b)(6) factual allegations.

Accordingly, IT IS ORDERED that:

1. The portion of the Court's November 24, 2025 Order dismissing Plaintiff's constitutional claims against the Unknown Agents and Contractors is VACATED.

2. Plaintiff's constitutional claims against the Unknown Defendants are hereby REINSTATED.

3. Plaintiff is granted 90 days of limited discovery solely for the purpose of identifying the Unknown Agents and Contractors.

4. Plaintiff shall file an Amended Complaint identifying those individuals once their identities are obtained through discovery.

5. All other deadlines and proceedings shall be reset accordingly.

IT IS SO ORDERED.

_____
STEPHEN J. MURPHY, III
United States District Judge

Dated: _____